IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2004 DEC 17 P 12: 53
CLERK, U.S. DIST. COURT
WESTERN DIST. OF TEXAS
BY_____

| | | |
|---|---|---|
| JOE PAT BEASLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA-04-CA-0866-FB |
| | § | |
| AVERY DENNISON CORPORATION, and | § | |
| RENNER, OTTO, BOISELLE & | § | |
| SKLAR, LLP | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOE PAT BEASLEY, Plaintiff in the above-styled and numbered cause, and files this his Plaintiff's First Amended Original Complaint, complaining of AVERY DENNISON CORPORATION and RENNER, OTTO, BOISELLE & SKLAR, LLP, and for cause of action would respectfully show the Court the following:

### A. Parties

1.     Plaintiff, JOE PAT BEASLEY (herein "Beasley"), is an individual who resides in San Antonio, Bexar County, Texas.

2.     Defendant, AVERY DENNISON CORPORATION (herein "Avery Dennison"), is a corporation that is incorporated under the laws of the State of Delaware. Such Defendant has been served and answered herein.

3.     Defendant, RENNER, OTTO, BOISELLE & SKLAR, LLP (herein "Renner, Otto"), is a law firm and a limited liability partnership organized under the laws of the State of Ohio. Such



Defendant has its principal place of business in State of Ohio. Such Defendant maintains its office at 1001 Lakeside Avenue, Suite 1600, Cleveland, Ohio 44114. Such Defendant does not have a registered agent for process in the State of Texas. Such Defendant does not maintain a regular place of business in Texas. Such Defendant engaged in business in Texas and the lawsuit arises out of such Defendant's business in Texas. Such Defendant has been served and answered herein.

### B. Jurisdiction

4. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

### D. Facts

6. Beasley, as the inventor of Personalized Postage Stamps, filed the First Patent Application on 6/07/1999, designating by a Power of Attorney as his authorized patent attorney to act on his behalf before the U.S. Patent and Trademark Office ("the Office") several attorneys of Litman Law Offices, Ltd. ("Litman Law Firm").

7. The prosecution of the First Patent Application by the Litman Law Firm proceeded to the filing of an Amendment and Response dated 12/18/2000 and a subsequently issued Notice of Allowability by the patent examiner.

8. During the pendency of the First Patent Application, Beasley entered into licensing and/or manufacturing subcontract negotiations with Avery Dennison Corporation ("Avery Dennison").

9. As part of these negotiations, Avery Dennison agreed to pay all future patent prosecution expenses in the First Patent Application and any subsequent patent applications or proceedings before the Office regarding the invention described in the First Patent Application, provided that Beasley would designate the patent attorneys and agents of the firm of Renner, Otto, Boiselle & Sklar, LLP ("Renner, Otto") to act on this behalf.

10. Subsequently, Beasley, as the inventor, signed a document entitled Revocation and Power of Attorney in the First Patent Application on 5/14/2001, which revoked all previous powers of attorney and designated as his authorized patent attorneys and agents to act on his behalf before the Office several attorneys of Renner, Otto. This document was filed in the Office by Renner, Otto on 6/7/2001.

11. Renner, Otto acted as attorneys for Beasley before the Office, not Avery Dennison, since no assignment was filed in the Office that granted any authorization of any action by or on behalf of Avery Dennison.

12. If Renner, Otto had not filed a Continued Prosecution Application ("CPA") (A CPA continues to use the same serial number as its prior application; however the prior application is expressly abandoned with the filing of a CPA.), a Notice of Allowance and Issue Fee Due would have been issued in the First Patent Application. With the payment of the issue fee a patent would then have issued to Beasley.

13. However, concurrently with the filing of the Power of Attorney described above, Renner, Otto did file a CPA that expressly abandoned the First Patent Application.

14. Concurrently, with the filing of the CPA, Renner, Otto filed an Information Disclosure Statement ("IDS") disclosing several prior art patent documents previously not of record

3

in the First Patent Application.

15. Subsequently, a Notice of Allowability was issued by the patent examiner in the CPA, followed by the Office issuing a Notice of Allowance and Issue Fee Due dated 6/17/2001 without amending any of the claims indicated as being allowed in the First Patent Application.

16. There was no need to file the IDS in the CPA since the prior art cited therein was cumulative of the art already of record. This is evident by the subsequent issuing of the Notice of Allowance in the CPA.

17. The issue fee was subsequently paid in the CPA. However, by a communication from the Office dated 4/2/2002, the CPA was withdrawn from issue and prosecution continued in view of newly discovered prior art, namely, the patents of Brasington et al., US. Patent 5,923,406 ("the '406 patent") and Paz-Pujalt et al., U.S. Patent 6,136,752 ("the '752 patent"). The '406 patent was of primary importance to the continuing prosecution.

18. Following a series of correspondence between Renner, Otto and the patent examiner, the CPA was also abandoned by Renner, Otto.

19. Concurrently, with the abandonment of the First Patent Application and filing on the CPA, the Second Patent Application was filed on 6/7/2001 by Renner, Otto to pursue additional claims not present in the CPA. However, following a series of communications between Renner, Otto and the patent examiner, the Second Patent Application was abandoned by Renner, Otto.

20. An applicant for patent has the burden of proof that claims being prosecuted in applicant's patent application are allowable over the prior art by a preponderance of the evidence, a burden which had been met in the First Patent Application at the time that Renner, Otto was granted authority over the prosecution effort.

21. An issued patent is presumed valid and any challenges to the validity of such patent is on the party asserting invalidity by clear and convincing evidence, a higher burden of proof than mere preponderance of the evidence. The filing of the CPA by Renner, Otto, which expressly abandoned the First Patent Application, was a disservice to and not in the best interest of Beasley.

22. The abandoning of the First Patent Application deprived Beasley of owning a patent to his detriment in negotiating rights thereunder with Avery Dennison and with regard to defending against a charge of invalidity.

23. The filing of the CPA also was not required to be filed in order to gain an extension of time to file the Second Patent Application to pursue additional claims. In fact, the CPA and the Second Patent Application were filed concurrently.

24. At least some of the claims pursued in the Second Patent Application, including 3, 11, 12, 13 and 19, should have been allowed over the '406 patent and other references of record by more diligent persuasive prosecution by Renner, Otto prior to abandonment.

### E. Count 1
### Breach of Fiduciary Duty

25. Beasley repeats and realleges each and every allegation set forth in paragraphs 1-24 hereinabove.

26. Avery Dennison and Renner, Otto each had a fiduciary duty to Beasley, which entails a duty of loyalty, utmost good faith, fairness and honesty in their dealings with Beasley and to disclose any potential conflicts of interest. Avery Dennison and Beasley had an agent principal relationship with regard to prosecution of his patent and in such regard Avery Dennison agreed to put the interest of Beasley ahead of its own. Renner, Otto and Beasley had an attorney-client

5

relationship with regard to the prosecution of his patent. Through the acts alleged hereinabove, Avery Dennison and Renner, Otto have breached their fiduciary duty to Beasley.

27.     Avery Dennison and Renner, Otto abandoned the First and Second Patent Application purportedly because Avery Dennison would not pay any further attorney fees. Neither adequately advised Beasley as to his rights in further negotiations with the patent office or how to overcome the Brasington reference. At least some of the claims in the Beasley patent application could have overcome the '406 patent ("Brasington"). Additionally, the Defendants breached their fiduciary duties to Beasley by failing to disclose to him the conflict of interest and that he was not the client of Renner, Otto and that Avery Dennison was the client. These breaches of fiduciary duty resulted in Beasley losing all his claims in his patent application.

28.     Avery Dennison and Renner, Otto's breach of their fiduciary duties to Beasley resulted in injury to Beasley and/or unwarranted benefits and unjust enrichment to Avery Dennison and Renner, Otto.

29.     Beasley is entitled and seeks and requests his actual damages, for the loss of his patent claims, as yet undetermined, but in excess of the jurisdictional amount of this Court, suffered as a result of Avery Dennison and Renner, Otto's breach of their fiduciary duties.

30.     Beasley is entitled to and seeks and requests that the Court place a constructive trust on all proceeds, benefits, funds or property attained as a result of Avery Dennison and Renner, Otto's breach of fiduciary duties.

31.     Beasley seeks and requests that the Court order Avery Dennison and Renner, Otto to make an accounting to Beasley for all proceeds received by Avery Dennison or Renner, Otto for products sold or offered for sale that were covered under the claims in the Beasley patent applications.

## F. Count 2
## Fraud

32. Beasley repeats and realleges each and every allegation set forth in paragraphs 1-31 hereinabove.

33. Renner, Otto has now judicially admitted that they did not consider Beasley to be their client; that they considered their only client to be Avery Dennison and that neither Avery Dennison of Renner, Otto owed Beasley any duties. (See both 12 (b) (2) motion and (12) (b) (6) motion filed December 6, 2004 with the Court and declaration of Jay Campbell in support of (12) (b) (2) motion). At no time from May, 2001 to the Spring of 2003, did anyone at either Renner, Otto or Avery Dennison inform Beasley that he was not a client of Renner, Otto and that Renner, Otto's only client was Avery Dennison. Both Defendants induced Beasley to fire the Litman Law Firm and turn the patent prosecution over to them. Unbeknownst to Beasley, this left Beasley unrepresented with regard to his patent. If Beasley had stayed with the Litman Law Firm he would today have a patent with at least some claims that would have been allowed. Instead, he was nothing.

34. These acts or omissions described in paragraph 33 constitute fraud and Beasley seeks and requests his actual damages resulting from such fraud.

35. Additionally, Beasley seeks the award of exemplary damages because of the Defendants' fraud.

## G. Count 3
## Negligence

36. Beasley repeats and realleges each and every allegation set forth in paragraphs 1-35 hereinabove.

7

37. Avery Dennison assumed responsibility for the prosecution of the Beasley patent applications and paid Renner, Otto to assist it in discharging such duties to Beasley. Both Avery Dennison and Renner, Otto owed a duty to Beasley to use ordinary care in discharging their responsibility for the prosecution of Beasley's patent applications. Furthermore, Renner, Otto owed a duty to Beasley to exercise the degree of care, skill and competence that reasonable, competent members of their legal profession would exercise under similar circumstances.

38. Both Avery Dennison and Renner, Otto had enormous experience in the prosecution of patent applications. The filing of the CPA by Renner, Otto was negligent and caused the First Patent Application not to be issued. The failure of Renner, Otto and Avery Dennison to pursue more diligent persuasive prosecution of the Second Patent Application was both negligent and breach of their fiduciary duties which resulted in and proximately cause Beasley to lose at least some of his claims in his patent applications.

39. Beasley is entitled and seeks and requests his actual damages, as yet undetermined, but in excess of the jurisdictional amount of this Court, as caused by Avery Dennison and Renner, Otto's negligence.

## H. Jury Demand

40. Beasley demands trial by a jury on all issues triable to a jury.

## I. Prayer

WHEREFORE, PREMISES CONSIDERED, Beasley prays that the Court enter judgment against Avery Dennison and Renner, Otto as follows:

a. That judgment be entered for Beasley and against Avery Dennison and Renner, Otto

for breach of fiduciary duty and for all gains, profits and advantages that Avery Dennison and Renner, Otto received as a result of their breach of fiduciary duty.

b. That all gains, profits and/or advantages derived by Avery Dennison and Renner, Otto, from their acts complained of herein, be held in constructive trust for the benefit of Beasley;

c. That judgment be entered for Beasley and against Avery Dennison and Renner, Otto for Beasley's actual damages according to the proof herein;

d. That judgment be entered for Beasley against the Defendants for exemplary damages as determined by the triers of fact;

e. That Beasley have judgment against Avery Dennison and Renner, Otto for Beasley's costs and attorney's fees;

f. That Beasley recover his pre-judgment and post-judgment interest;

g. That the Court grant such other and further relief, at law and in equity, as the Court deems proper under the circumstances.

Respectfully submitted,

*/s/ James E. Willingham, Jr.*
JAMES E. WILLINGHAM, JR.
State Bar No. 21641000
LAW OFFICES OF PAT MALONEY, P.C.
239 E. Commerce Street
San Antonio, TX 78205-2988
(210) 226-8888 / Fax (210) 222-8477

ATTORNEY FOR PLAINTIFF
JOE PAT BEASLEY

**CERTIFICATE OF SERVICE**

9

I certify that on the 17th day of December, 2004, a true and correct copy of the foregoing Plaintiff's First Amended Original Complaint was served on counsel shown below in accordance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| Irvin E. Tyan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, California 94065-2139 | Via Fax Transmission<br>(650) 801-5100 |
| J. Daniel Harkins<br>Leslie Sara Hyman<br>COX SMITH MATTHEWS INCORPORATED<br>112 E. Pecan Street, Suite 1800<br>San Antonio, Texas 78205 | Hand Delivery |

JAMES E. WILLINGHAM, JR.