**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE PAT BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-04-CA-0866 FB (NN)** |
| **AVERY DENNISON CORPORATION;** | § | |
| **and RENNER, OTTO, BOISELLE &** | § | |
| **SKLAR, LLP,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF DEFAULT (DOCKET ENTRY 55)

The matter before the Court is Avery Dennison Corporation's ("Avery") motion for entry of default on its counterclaims against Joe Pat Beasley ("Beasley") (Docket Entry 55).  On May 17, 2006, Avery, along with co-defendant Renner, Otto, Boiselle & Sklar, LLP, filed an original answer to Beasley's complaint.[1]  Included with the answer, Avery brought a counterclaim against Beasley alleging fraud and breach of a third-party beneficiary contract.  In the counterclaim, Avery alleges that Beasley misrepresented to Avery that Beasley would assign his interest in the personalized postage stamp patent application to USPPS.  According to Avery, Beasley and USPPS entered into a third-party beneficiary contract for the benefit of Avery  providing for the assignment.  Avery alleges that Beasley breached the third-party beneficiary contract by failing to assign his interest in the patent application to USPPS.  Avery further alleges that Beasley had no

---

[1] Docket Entry 52.  Plaintiff commenced his action on September 27, 2004.  Docket Entry 1.  Defendants filed a number of motions to dismiss, and plaintiff amended his complaint twice.  Docket Entries 15 and 37.  On May 3, 2006, the District Court entered an Order, which among other things, required defendants to answer plaintiff's complaint within fourteen days of the issuance of the Order.  Docket Entry 51.

intention of assigning his interest in the patent application to USPPS and fraudulently misled Avery into believing that he would complete the assignment.  Avery claims that it relied on Beasley's representations to its detriment.[2]

Avery filed the instant motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a) claiming that Beasley failed to timely answer its counterclaim within the limits allowed by Federal Rules of Civil Procedure 12(a)(2) and 6(e).  On July 20, 2006, Beasley filed his answer to Avery's counterclaim generally denying all allegations of breach of contract and fraud.[3]

Rule 55 provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.[4]

However, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[5]  Default is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[6]  Entry of a default judgment is committed to the sound discretion of the district judge.[7]

In this case, Beasley did not technically respond to Avery's counterclaim within the time

---

[2] Docket Entry 52 at 17-18.

[3] Docket Entry 57.

[4] Fed. R. Civ. P. 55(a).

[5] **Ganther v. Ingle**, 75 F.3d 207, 212 (5th Cir. 1996).

[6] **Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n.**, 874 F.2d 274, 276 (5th Cir. 1989).

[7] **Mason v. Lister**, 562 F.2d 343, 344 (5th Cir. 1977).

permitted by the Rules.  Rule 12(a)(2) provides a counterclaim defendant must answer within twenty days of being served with the counterclaim.[8]  Rule 6(e) recognizes the "mailbox rule" and provides an additional three days to respond to a document served by United States Mail.  Avery served its counterclaim on May 17, 2006.  Consequently, Beasley's counterclaim answer was due June 9, 2006.

However, the record is clear that both parties have appeared and are actively litigating all aspects of their controversy.  Furthermore, Beasley responded quickly to the motion for default by filing his answer to Avery's counterclaim, and Avery has not been prejudiced by Beasley's delay.  Finally, the Court notes that while the parties were actively litigating the controversy, over a year and a half past before Avery answered Beasley's complaint.  Accordingly, in the interest of equity and justice, Avery's motion for entry of default is hereby **DENIED**.

**SIGNED** on October 4, 2006.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] Fed. R. Civ. P. 12(a)(2).