IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE PAT BEASLEY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-04-CA-0866 FB (NN) |
| AVERY DENNISON CORPORATION; | § | |
| and RENNER, OTTO, BOISELLE & | § | |
| SKLAR, LLP, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING MOTION TO COMPEL (DOCKET ENTRY 97)

The matter before the Court is defendants' motion to compel amended and supplemental responses to interrogatories, and plaintiff's response thereto (docket entries 97 and 99).

The motion concerns two groups of interrogatories served within the final week of the discovery period. First, defendant asks the Court to compel plaintiff to respond more completely to the interrogatories which probe his recent claim of "mistake" concerning an assignment of the patent at issue to USPPS, Ltd. The specific interrogatory asked:

> If YOU contend the Intellectual Property Assignment (attached hereto as Exhibit A) is void, unenforceable, and/or inapplicable to the rights allegedly asserted by YOU in YOUR SECOND AMENDED COMPLAINT, IDENTIFY each and every basis for YOUR contention.

Another interrogatory asked plaintiff to identify the basis for his claim of standing to bring this action.

In response, plaintiff answered:

> Beasley has no recollection of ever executing or signing such document. If such assignment was ever signed, it was a mistake. Beasley's intention was to assign any

1

rights to patent applications only after the patent(s) had been issued.

Defendants claim that the answers are unresponsive and that plaintiff should be required to describe what he was mistaken about, whether he is claiming legal mistake, whether it was a unilateral or mutual mistake, and the relevance of any mistake to the issue of standing. In his response to the motion plaintiff states that he doesn't remember signing the assignment, if he did it was a mistake, and regardless, he would agreed to two more hours of deposition to allow questioning concerning the issue.

Reviewing the arguments of counsel, I conclude that plaintiff has adequately responded to these interrogatories. He doesn't remember signing the assignment and explains that he didn't intend to assign the patent rights until the patent was issued. Plaintiff's offer to be available for additional deposition examination should allow defendant adequate opportunity to question plaintiff concerning his claim of "mistake."

Defendants also ask the Court to compel plaintiff to more completely respond to the interrogatory which inquired into the date the device was conceived and reduced to practice. Plaintiff responded that he could only remember that it was sometime before April 23, 1999.

It appears that plaintiff has provided as much detail as he can concerning the date of conception and date of reduction to practice. The Court cannot compel plaintiff to provide what he cannot remember.

For these reasons, the motion to compel is ORDERED DENIED.

**SIGNED** on March 9, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE